# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:24-cv-00039-MR-WCM

| | | |
|---|---|---|
| **DEAN ALTON HOLCOMB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **NISSAN NORTH AMERICA, INC.,** | ) | |
| **NISSAN OF HENDERSONVILLE,** | ) | |
| **LLC., DAWUD TALIB MUHAMMAD,** | ) | |
| **DYLAN CHRISMAN, JACK ANDRUS,** | ) | |
| **JASMINE MALONE, DEVIN MALONE,** | ) | |
| **JOSEPH LNU, FNU HOLCOMB,** | ) | |
| **COREY LNU, KYLE LNU,** | ) | |
| **and GEORGE LNU,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

THIS MATTER is before the Court on initial review of Plaintiff's

Complaint [Doc. 1]. <u>See</u> 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

On February 2, 2024, the pro se Plaintiff Dean Alton Holcomb

("Plaintiff") filed this action against Defendants Nissan North America, Inc.,

Nissan of Hendersonville, LLC., Dawud Talib Muhammad, Dylan Chrisman,

Jack Andrus, Jasmine Malone, Devin Malone, Joseph LNU, FNU Holcomb,

Corey LNU, Kyle LNU, and George LNU [Doc. 1].  The Plaintiff brings claims

under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, as well as claims for fraud under 18 U.S.C. § 1341, hate crimes under 18 U.S.C. § 249, and "CFR Title 29, Criminal Conspiracy." [Doc. 1]. The Plaintiff seeks a declaratory judgment that Defendant Nissan of Hendersonville is a corrupt criminal organization as well as actual and punitive damages. [Id.].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Racketeer Influenced and Corrupt Organizations Act "creates civil liability for those who engage in a pattern of racketeering activity." GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2011). Under 18 U.S.C. § 1964(c), "RICO contains a private right of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" Chubirko v. Better Bus. Bureau of S. Piedmont, Inc., 763 F. Supp. 2d 759, 766 (W.D.N.C. 2011). RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." US Airline Pilots Ass'n v. AWAPPA, LLC, 615 F.3d 312, 317 (4th Cir. 2010).

The elements of a RICO claim under 18 U.S.C. § 1962(c) are: (1) the conducting; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. See Whitney, Bradley, & Brown, Inc. v. Kammermann, 436 F. App'x 257, 258 (4th Cir. 2011) (citing Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). A "pattern of racketeering activity" is defined as at least two acts of racketeering, typically referred to as predicate acts. See 18 U.S.C. § 1961(5). To plead a conspiracy violation under § 1962(d), a plaintiff must allege that "each defendant agreed that another coconspirator would

commit two or more acts of racketeering." Walters v. McMahen, 795 F. Supp. 2d 350, 355 (D. Md. 2011), aff'd in relevant part, 684 F.3d 435 (4th Cir. 2012). "[T]he person committing the racketeering acts must be separate from the 'enterprise' that the person participates in or conducts" and the plaintiff must show "that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." Carter v. Rogers, Townsend & Thomas, P.C., No. 1:12cv495, 2014 (U.S. Dist. LEXIS 25622, at *14-15 (M.D.N.C. Feb. 28, 2014).

Here, the Complaint is devoid of any factual allegations as to who any of the Defendants conspired with, when this alleged agreement occurred, where it occurred, how it occurred, or even the precise nature of the agreement. The Plaintiff instead appears to allege that he bought a faulty car from Defendant Nissan of Hendersonville, was later hired by the same Defendant, and was subsequently fired by Defendant Chrisman when he was asked to post ads on his Facebook account by Defendant Andrus and refused. [Doc. 1]. The Plaintiff additionally and apparently unrelatedly alleges that Defendant Muhammad is a member of Fruit of Islam, a group that he alleges is part of a larger hate group. [Id.].

The Plaintiff has failed to allege any violation of federal law, let alone any agreement or conspiracy on behalf of any of the Defendants to commit

4

racketeering.  The Plaintiff's conclusory allegations therefore fail to state a viable claim for relief under RICO.

The Plaintiff's claims for fraud and hate crimes under 18 U.S.C. §§ 249 and 1341 are also not viable as the Plaintiff asserts such claims pursuant to purely criminal statutes.  While the "provision of a criminal penalty does not necessarily preclude implication of a private cause of action," there must be "at least a statutory basis for inferring that a civil cause of action of some sort" exists.  Cort v. Ash, 422 U.S. 66, 79 (1975).  Both of the provisions the Plaintiff is pleading here are "nothing more than [] bare criminal statute[s], with absolutely no indication that civil enforcement of any kind [is] available to anyone."  Id. at 79-80.  Therefore, these statutes do not create a civil cause of action and the Plaintiff's claims pursuant to them do not state a claim for relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will dismiss his Complaint without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will

not be permitted.  Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint fails initial review under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS SO ORDERED.**

Signed: February 8, 2024

Martin Reidinger
Chief United States District Judge